# Supreme Court of Florida

---

No. SC2025-0071

---

**INQUIRY CONCERNING A JUDGE JQC NOS. 2024-452, 2024-506 & 2025-161 RE: STEFANIE C. MOON.**

July 17, 2025

PER CURIAM.

Before the Court is a stipulation to resolve several charges by the Judicial Qualifications Commission against Judge Stefanie C. Moon of the Seventeenth Judicial Circuit. Judge Moon has admitted to Code of Judicial Conduct violations involving inappropriate campaign activity, prohibited ex parte communication, and prohibited political contributions. The Commission and Judge Moon agree that she should be suspended for 10 days without pay, fined $2,115, and publicly reprimanded. To that end, the parties have filed with our Court a Second Amended Stipulation and Amended Findings and Recommendations of Discipline. We accept the second amended stipulation and findings and will impose the recommended discipline. *See* art. V,

§ 12(c)(1), Fla. Const. (authorizing the Court to accept, reject, or modify the Commission's findings and recommendations).

The second amended stipulation would resolve three Commission cases pending against Judge Moon. Judge Moon first admits that, from the bench and while wearing her robe, she asked an attorney why he had not returned her call about serving on her re-election committee. The attorney had just completed a hearing before the judge, and the question left the attorney concerned about whether his failure to support Judge Moon's campaign would hurt his clients. Second, Judge Moon admits that she engaged in ex parte communication with the mental health therapist of a party in a divorce case pending before her. Finally, Judge Moon admits that between 2020 and 2024 she made financial contributions totaling approximately $2,000 to political organizations and candidates, including ActBlue and the campaign funds of President Biden and Vice President Harris.

Judge Moon's conduct implicates multiple provisions of the Code of Judicial Conduct. Judges must always act in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Fla Code Jud. Conduct, Canons 1 & 2A. Except in

limited circumstances, judges may not engage in communication about a pending or impending proceeding outside the presence of the parties. *Id.* Canon 3B(7)(a). And judges may not make financial contributions to political organizations or candidates. *Id.* Canon 7A(1)(e). Judge Moon's acknowledgement that she has violated these canons is amply supported by the record.

Our Court does not often come upon a judicial discipline case in which a single judge has violated the Code of Judicial Conduct in such distinct ways in wholly unrelated incidents. Judge Moon's conduct is unacceptable, especially given that the Commission had already cautioned her in 2019 for improper campaign activities. Nonetheless, the Commission's recommended discipline in this matter credits Judge Moon for cooperation, remorse, and acceptance of responsibility. While we defer to the Commission's assessment of the judge's contrition, we stress that the Court cannot tolerate any further misconduct by Judge Moon.

We approve the Second Amended Stipulation and Amended Findings and Recommendations of Discipline in this matter. Judge Moon is hereby suspended from her judicial duties for 10 days, without pay, effective on a date within 30 days of the issuance of

this opinion and as determined by the Chief Judge of the Seventeenth Judicial Circuit. We order Judge Moon to pay a fine of $2,115.40, an amount equal to her improper political contributions. And finally, we order Judge Moon to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Gregory W. Coleman, Chair, and Hugh R. Brown, Assistant General Counsel, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Scott K. Tozian, Tampa, Florida,

for Judge Stefanie C. Moon, Respondent